REGAN, Judge.
Plaintiffs, Ima Bell Lovell and Wade Lovell, instituted this suit against the defendants, Roy Brignac and his insurer, Marquette Casualty Company, endeavoring to recover $5,000 for personal injuries and $1,000.97 for medical expenses and property damage, which plaintiffs assert they incurred as a result of Brignac’s negligence in driving his automobile into the left side of the vehicle of Ima Bell Lovell, when it was stopped in the neutral ground area[1] where the Airline Highway is intersected by Harang Road.
Defendants answered and denied any fault, asserting that Ima Lovell’s negligence was the proximate cause of the accident. In the alternative, they resisted plaintiffs’ claim predicated on the defense of contributory negligence, and in the final analysis insisted that plaintiff possessed the last clear chance to avoid the accident.
From a judgment in favor of plaintiffs, Ima Bell Lovell in the amount of $1,250 for personal injuries and in favor of Wade Lovell for $747.59, representing property damage and medical expenses which he incurred as head and master of the community, the defendants have appealed.
*366 Shortly before noon on June 29, 1954; plaintiff, Ima Lovell, entered her automobile, which was parked before a furniture store located adjacent to the northbound or lakeside roadway of the Airline Highway. The plaintiff stated that she looked down Airline Highway to ascertain whether it was safe to enter the roadway before moving out of the semi-circular driveway which services the furniture store. She saw a vehicle some three blocks away and, since she desired to turn at the next intersection,' drove into the left traffic lane next to the neutral ground, and while traveling about 150 feet in this lane of traffic, she continuously signalled for a left turn, both with the mechanical blinker and with her hand. She then stopped her automobile with the front wheels turned into the Har-ang intersection, for she intended to execute a U-turn in order to return to her home near the City of New Orleans. At this intersection Airline Highway is composed of outbound and inbound roadways, each accommodating two lanes of traffic. The roadways are divided by a neutral ground approximately seven feet in width.
As she waited from three to five seconds in this.stopped position for an opportunity to safely turn into the flow of traffic on Airline Highway, moving toward New Orleans, she related that she heard a screeching of brakes and when she turned to learn the cause of the 'sudden noise, she glimpsed Brignac’s car traveling toward her at a high speed, which was a split second before his vehicle struck her own. She remembers nothing more since she was rendered unconscious as a result of the collision.
The impact threw Ima Lovell into the right front door, which opened and caused her to fall into the neutral ground area of the intersection near the right front of her automobile. The roadway at the scene of the accident revealed the imprint of skid marks, caused by defendant’s vehicle, which were about 80 feet long.
Of course, defendant Brignac disputes the foregoing version of the accident. He testified that he was traveling in the left northbound traffic lane and noticed that the plaintiff’s vehicle, which was then traveling in the right lane, began edging into his lane when he was 70 or 80 feet removed from her vehicle. Upon observing this manuever, he applied his brakes but was unable to avoid the collision. He was then asked:
“Did your car and Mrs. Lovell’s car come in contact before you got into the intersection, at the intersection, or after the intersection, or just where? ”
He replied:
“I would say from twenty to thirty feet before entering the intersection.”
In any event, it .is not disputed that plaintiff’s vehicle was not sideswiped but Brig-nac’s automobile struck the plaintiff’s car squarely in the left center, as reflected by photographs of the Lovell vehicle showing both the left front and rear doors completely demolished.
Therefore, the physical damage to plaintiff’s vehicle militates against the credibility of defendant’s conception of the cause of the accident.
Ima Lovell’s version of the accident is substantiated to a large extent by the testimony of John Dearing, who obviously was a disinterested witness. He related that he was driving toward New Orleans in the left lane of the southbound roadway of Airline Highway and several seconds before he passed the intersection, he observed plaintiff’s car stopped with the front wheels turned into the neutral ground area of Harang Road. He had traveled a short distance from the intersection when he heard a “squealing” of tires and immediately thereafter, a shattering collision.
The testimony of A. K. Roy, a Jefferson Parish realtor, likewise lends credence to plaintiff’s version of the accident. His office is located on the Baton Rouge-lake corner of the intersection in question. Roy stated that he heard the collision when he *367 was standing by a window in his office. He walked over to the scene to offer assistance and there observed skid marks 100 feet long in the left lane of the northbound roadway. He related that the Lovell automobile came to rest partially in Airline Highway with its front and mid portion in the Harang intersection very close to the north neutral ground. Roy stated that Ima Lovell was lying in the intersection near the right front of her automobile and that Brignac apologized profusely for having caused the accident; however, on the trial hereof, Brignac emphatically denied admitting responsibility therefor.
The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted plaintiff’s version of the manner in which the accident occurred, and therefore concluded that the plaintiff was free of any negligence which contributed to the accident and that the proximate cause thereof was the negligence of the defendant, Brignac, in striking the plaintiff’s vehicle at a time when it had been stopped for several seconds in the neutral ground area of Harang Road.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ versions of the manner in which the accident occurred. The trial judge accepted Mrs. Lovell’s version thereof and our analysis of the record convinces us that the evidence preponderates in plaintiffs’ favor and the judgment is, therefore, correct.
An examination of the record discloses that the lower court’s award for personal injuries, doctor bills and medical expenses is not excessive and is fully supported by the lay and medical evidence adduced on the trial hereof.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. The neutral ground was approximately seven feet in width.